IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEPHEN WHALEN,

     Plaintiff,                   No. 2:10-cv-1684 KJN P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.          ORDER
_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the magistrate judge for all purposes. (Dkt. No. 10.) See 28 U.S.C. § 636(c) and E.D. Cal. L. R. ("Local Rule") 305(a).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his complaint, plaintiff challenges the circumstances of his transfer from Avenal State Prison to the Rio Consumnes Correctional Center in October 2008. Plaintiff alleges that deputies with the Monterey County Sheriff's Department, responsible for transporting plaintiff, improperly relied on physical restraints and excessive force in moving plaintiff, recklessly drove an enclosed (claustrophobic) vehicle, mocked plaintiff, and placed plaintiff for prolonged periods in holding cells without beds or blankets. Plaintiff alleges that he was treated "like an animal," and in Salinas forced to sleep on a cold, dirty floor with no mattress. Plaintiff contends that these circumstances were particularly harmful to him because he "already [has] an acute mental illness," and the restraints caused him to seizure. (Dkt. No. 1, at 5.) The only defendant named relative to these matters is the driver of the vehicle from Avenal to Salinas, Monterey County Sheriff's Deputy Sanchez.

Plaintiff alleges that he was then transported to Sacramento, and from there transported to the Rio Consumnes Correctional Center in a "cattle truck" style vehicle by deputies with the Shasta County Sheriff's Department. Plaintiff alleges that in Shasta County he was subject to prosecution on false charges.

Plaintiff also alleges the theft of his boat and motorhome by the only other named defendants, Shasta County Sheriff's Deputies Nelson and Kropholler.

Plaintiff also contends that he was improperly placed at High Desert State Prison in administrative segregation, where he was "caged like an animal" without access to basic necessities, and that his "inhumane mistreatment has only exacerbated and intensified my mental illness causing me irreparable damage to my mental, physical as well as emotional well being." (Id. at 8.)

1  Plaintiff is currently incarcerated at California State Prison-Solano.

2  Plaintiff fails to state potentially cognizable claims based on his allegations of false charges and theft. The proper procedure for pursuing the former was an appeal; the latter a criminal prosecution.

The court next addresses whether plaintiff has stated a potentially cognizable claim premised on his challenge to the conditions of his confinement while, as a state prisoner, plaintiff was transported among correctional institutions by local law enforcement officers.

Significantly, plaintiff concedes that he has not exhausted his administrative grievances on this claim or any other of his claims, allegedly because "this matter is much more serious than a 602 appeal at state level, and it is all a direct violation of my civil constitutional and human rights." (Dkt. No. 1, at 1, 2.) As discussed below, this omission requires dismissal of plaintiff's transport claim and his complaint in its entirety. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Even when a prisoner seeks only money damages, exhaustion is a prerequisite to suit. Booth v. Churner, 532 U.S. 731, 741 (2001).

The requirement of administrative exhaustion applies to plaintiff's challenge concerning his transport from Avenal to Shasta. The website for the California Department of Corrections and Rehabilitation ("CDCR") indicates that plaintiff has been a state prisoner since

////

February 2006,[1] thus encompassing the entire period challenged in the complaint.[2]  In addition, plaintiff's claim challenges "prison conditions."  Although "[t]he PLRA itself does not define prison conditions, but the Supreme Court has broadly construed the term.  In Porter, the Court held, '[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir. 2006), quoting Porter v. Nussle, 534 U.S. 516, 532 (2002).  Although an administrative grievance based upon plaintiff's transport claim would not necessarily have provided remedial relief to plaintiff (other than rendering his allegations ripe for a money damages action in federal court), it may have resulted in the improvement of policies and procedures within CDCR in the use of local law enforcement to transport state prisoners, thus serving at least one purpose of the PLRA.  Additionally, the time for exhausting plaintiff's transport claim had expired when plaintiff filed his complaint.  The challenged conduct occurred in October 2008, more than one year before the complaint was filed, while the time limit for filing an initial administrative grievance is thirty days after the challenged incident.  See Cal. Code Regs. tit. 15, § 3084.8(b).

Given plaintiff's allegedly mistaken assumption that he was not obligated to exhaust any administrative remedies as to his transport claim, coupled with the fact that the time for exhausting this claim had expired when plaintiff filed his complaint, plaintiff is now foreclosed from pursuing this claim in this action.

---

[1]  See http://inmatelocator.cdcr.ca.gov/default.aspx.

[2]  The fact of plaintiff's status as a state prisoner during the relevant period undermines the notion that plaintiff should instead have sought to exhaust his administrative grievance through a local sheriff's department, e.g., the Monterey County Sheriff's Department, against defendant Sanchez.  Cf., e.g., Bokin v. Davis, 2003 WL 21920922 (N.D. Cal. 2003) (state prisoner required to exhaust administrative grievances against San Francisco Sheriff's Department in order to challenge conduct that occurred immediately prior to plaintiff's sentencing and transport to state prison); see also 42 U.S.C. § 1997e(a) (PLRA requires exhaustion of available jail, as well as state prison, administrative remedies); Cal. Code Reg. tit. 15, § 1073 (administrative remedies available to county jail inmates).

      Similar considerations undermine plaintiff's challenge to the conditions of his confinement at High Desert State Prison. First, plaintiff makes only cursory allegations about these conditions (Dkt. No. 1, at 8), without identifying any potential defendants. Second, he concedes that he did not exhaust his administrative remedies (id. at 1); and lastly plaintiff has since been transferred to California State Prison-Solano. These factors not only require dismissal but militate against permitting any opportunity for amendment. Cf. Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing, in a subsequent amended complaint, the addition of new fully exhausted claims based on related conduct that occurred after an action was timely filed).

      Consequently, the court finds no basis to authorize amendment of the complaint, and dismisses this action without prejudice. See Wyatt, 315 F.3d at 1120; see also Ansel v. Superior Court, 313 Fed. Appx. 34 (9th Cir. 2008) (affirming district court's dismissal pursuant to 28 U.S.C. § 1915A where plaintiff conceded that he failed to exhaust administrative remedies before filing his complaint); Burroughs v. Sacramento County Main Jail, 2008 WL 4904829 (2008) (dismissing complaint pursuant to 28 U.S.C. § 1915A where plaintiff conceded that the administrative grievance process was not completed).

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 4) is granted.

      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

////

////

3.  This action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED: January 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wha1684.scrn.dism.kjn